# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                                                                          In Proceedings
                                                                                                Under Chapter 13
TIMOTHY D. LOCKETT

                                                                                                Case No. 15-30700
        Debtor.

## OPINION

This matter is before the Court on the debtor's motion to extend the automatic stay and MidFirst Bank's and JPMorgan Chase Bank's ("Creditors") objections thereto. The Court held a hearing on this matter on June 30, 2015 in which it announced its decision. The debtor, debtor's counsel, counsel for Creditors, and the Chapter 13 Trustee appeared in court on that date. For the reasons stated below, the debtor's motion is granted.

## Facts

The relevant facts in this case are not in dispute. The debtor initially filed for Chapter 13 bankruptcy on December 31, 2012. The debtor and his home mortgage lender, MidFirst Bank, preliminarily agreed to a loan modification. During the agreement's trial period, the debtor fell behind on his payments and, because of this fact, MidFirst Bank did not approve the modification. The bank filed a motion for relief from the automatic stay on May 14, 2013, after which time the debtor filed an amended Chapter 13 plan that provided for the surrender of his home to the bank. The Court granted MidFirst Bank's motion on May 29, 2013.

Less than five months after receiving relief from the stay, MidFirst Bank entered into a second loan modification agreement with the debtor. The debtor remained current with his

mortgage payments from October 2013 through June 2014. However, he fell behind when his non-filing spouse became unemployed. MidFirst Bank filed a foreclosure action on February 27, 2015.

On March 18, 2015, the debtor filed a voluntary motion to dismiss his case. The Court granted the debtor's motion on April 3, 2015—674 days after the Court granted MidFirst Bank's motion for relief from the stay. On April 30, 2015—27 days after obtaining the voluntary dismissal of his prior case—the debtor filed the instant case.

The debtor is current on his plan payments and neither creditor presented any evidence of bad faith. Both creditors argue that the debtor was ineligible from becoming a debtor in the instant case pursuant to the plain meaning of 11 U.S.C. § 109(g)(2) and that, therefore, there is no stay in place to extend. The debtor contends that § 109(g)(2) does not preclude him from being a debtor in this case. Further, he argues that he filed the instant case in good faith and, therefore, that the stay should be extended pursuant to 11 U.S.C. § 362(c)(3)(B).

## Analysis

Section 109(g)(2) governs whether the debtor is eligible to proceed with the present case and, therefore, whether there exists an automatic stay that may be extended. That section states:

> [N]o individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if . . . . (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2). Resolution of this matter turns on the meaning of the word "following" as used in the section.

Both creditors argue that the word "following" indicates a temporal relationship and that, therefore, "following" is synonymous with "subsequent to." Under this interpretation, a debtor

who obtains a voluntary dismissal at any point after a creditor has filed a motion for relief from the automatic stay is ineligible from instituting a second case within 180 days of the dismissal. The debtor, on the other hand, contends that "following" specifies a causal relationship. Under this interpretation, § 109(g)(2) provisionally bars the institution of a new case only if the debtor obtained a voluntary dismissal of the prior case *as a result of* the filing of a motion to lift the stay.

The debtor relies on *In re Payton*, 481 B.R. 460 (Bankr. N.D. Ill. 2012), for his interpretation of § 109(g)(2). In that case, Judge Eugene Wedoff noted that "following" can be used to represent three types of relationships: a chronological relationship, a relationship of compliance (e.g., "'Following the example of Washington, he accepted only two terms as president'"), and a causal relationship. *Id.* at 463–66. After examining these three meanings, Judge Wedoff determined that "following" as used in § 109(g)(2) represents a causal relationship because it is "use[d] to establish a relationship between two discrete events: the debtor's voluntary dismissal of a bankruptcy case and a request for relief from the automatic stay."

Judge Wedoff opined that the causal interpretation of "following" is supported by § 109(g)(2)'s purpose: to avoid abuse of the automatic stay. *Id.* Section 109(g)(2) protects creditors by prohibiting debtors from hindering creditor attempts to assert their rights against the debtor's property by receiving repetitive automatic stays. *Id.* However,

> [i]f a stay relief motion has been withdrawn or denied because it was filed in error or was groundless, if years have passed between the filing of the stay motion and the voluntary dismissal, or if the creditor has already obtained the property subject to the stay, it would be of no concern to the creditor who sought stay relief that the case was voluntarily dismissed and a new case filed.

*Id.* Ascribing a sequential meaning to "following" would, therefore, not comport with § 109(g)(2)'s discrete policy in favor of sanctioning bad faith debtors and would, instead, impede

3

the fresh start policy in many instances. *Id.* at 467 (citing *Marrama v. Citizens Bank*, 549 U.S. 365, 367, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007)).

The Court agrees with Judge Wedoff's well-researched and thorough analysis. Ascribing to "following" a causal meaning, it is clear that the debtor did not obtain a voluntary dismissal of the prior case as a consequence of MidFirst Bank's motion for relief from the automatic stay. Not only had the debtor agreed to surrender his property subsequent to the filing of the lift stay motion, but the bank entered into a second loan modification agreement with the debtor after the Court granted its motion. The debtor obtained dismissal of his prior case more than a year and a half after MidFirst Bank sought and received relief from the stay, and only because he was unable to continue making his modified mortgage payments. The debtor did not file this case in bad faith and, therefore, § 109(g)(2) does not bar him from being a debtor in this case.

The Court having determined that the debtor is not precluded from being a debtor in the instant case under § 109(g)(2), it must now determine whether the automatic stay may be extended. Section 362(c)(3) of the Bankruptcy Code states that the automatic stay expires 30 days post-petition "if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed." 11 U.S.C. § 362(c)(3)(A). The stay may be extended upon motion if the movant demonstrates that the current case was filed in good faith. *Id.* § 362(c)(3)(B). A case is presumed to have not been filed in good faith if, as of the date of the prior case's dismissal, a creditor's motion for relief from the automatic stay "had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor." *Id.* § 362(c)(3)(C)(ii). However, "such presumption may be rebutted by clear and convincing evidence to the contrary." *Id.* § 362(c)(3)(C).

The debtor's representations, corroborated by the Chapter 13 Trustee, that he is current on his plan payments, as well as the fact that both the debtor and his spouse are employed and affirmatively seeking to better their financial circumstances, indicate clearly and convincingly that any presumption of bad faith has been rebutted. This indication is strengthened by the fact that neither creditor presented evidence of bad faith or even challenged the debtor's argument that the stay may be extended under § 362(c)(3). The Court is convinced that the debtor has filed this case in good faith. Accordingly, the debtor's motion to extend the stay is granted.

### Conclusion

Interpreting the word "following" in 11 U.S.C. § 109(g)(2) as specifying a causal relationship, the Court holds that the debtor was eligible to institute the current case. The debtor did not obtain dismissal of his prior case because of the filing of MidFirst Bank's motion for relief from the automatic stay, and certainly did not do so in an effort to abuse the bankruptcy system. Rather, the debtor dismissed his prior case because of his family's financial hardships and his belief that he could not maintain his bankruptcy. Further, the Court holds that the automatic stay in this case shall be extended pursuant to 11 U.S.C. § 362(c)(3)(B), the debtor having established that this case was filed in good faith. Accordingly, the debtor's motion is granted.

SEE ORDER ENTERED THIS DATE.

ENTERED: July 2, 2015

/s/ Laura K. Grandy
UNITED STATES BANKRUPTCY JUDGE